# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| **JOSEPH E. PETTAWAY, JR.** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| v. ) | **CASE NO.: 1:25-cv-** |
| ) | |
| **MOBILE COUNTY BOARD OF** ) | |
| **EDUCATION;** ) | **JURY DEMANDED** |
| ) | |
|     **Defendant.** ) | |

## COMPLAINT

**COMES NOW,** Joseph E. Pettaway, Jr., by and through his undersigned counsel, and does hereby complain against the Defendant, Mobile County Board of Education. As grounds therefore, Plaintiff shows unto this Honorable Court as follows:

## NATURE OF THE CASE

1. Plaintiff is seeking in this action to recover damages under 42 U.S.C. §§ 2000e et. seq. (Title VII), caused to the Plaintiff while employed by Defendant, which ultimately led to Plaintiff's transfer with loss of pay, as well as mental and emotional suffering.

## JURISDICTION

2. The jurisdiction of this court is invoked pursuant to Title VII of the Civil Rights act of 1964, as amended. The Jurisdiction of this court is invoked to secure protection for and to redress the deprivation of rights secured by Title VII providing relief against discrimination on the basis of age. Plaintiff has initiated his EEOC charge and received his "Notice of Right to Sue" letter pursuant to Title VII prior to the filing of this complaint.

## PARTIES

3. Plaintiff, Joseph E. Pettaway, Jr., is over the age of nineteen (19) years and is a resident citizen of Mobile County, Alabama. At all times relevant to this action, Joseph Pettaway was employed by the Mobile County Board of Education (MCBOE) as an Assistant

Principal. Joseph Pettaway is a former employee of Defendant Mobile County Board of Education, and seeks compensatory damages, and back pay from the Defendants arising from Defendants' violation of rights guaranteed to Plaintiff under Title VII Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq.. Plaintiff is a resident of this Judicial District and Division. Plaintiff was an employee of the Defendants within the meaning of Title VII Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq..

4. Defendant Mobile County Board of Education is an employer within the meaning of Title VII Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq.. Defendant is operating within this District and Division.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff has initiated his EEOC charge and received his Notice of Right to Sue letter pursuant to Title VII prior to the filing of this complaint.
6. Prior to filing this civil action, Plaintiff timely filed written charges asserting discrimination with the Equal Employment Opportunity Commission against the Defendant.
7. On or about December 2, 2024; the Equal Employment Opportunity Commission issued Notice of Right to Sue to Plaintiff attached hereto as Plaintiff's Exhibits 1.

## FACTS

8. Plaintiff, Joseph E. Pettaway, Jr., has been employed by Defendant, Mobile County Board of Education since 2000 as an educator within that system.
9. In 2015, Mr. Pettaway became Assistant Principal at Calloway Smith Middle School.
10. Very quickly, Mr. Pettaway was subjected to hostility from his direct supervisor, Principal, Mrs. D. H. Walton.
11. Mrs. Walton would routinely send multiple written communications within a single day, directed at Mr. Pettaway, criticizing his job performance and questioning his personal life to justify her assessments.
12. Following several instances of what he felt were targeted and harassing condemnations, Mr. Pettaway responded in writing offering his perspective and justifying his conduct as well within the reasonable execution of his duties.
13. Mrs. Walton responded that she did not want to hear his excuses, and dismissed his response immediately.
14. Mr. Pettaway subsequently filed a formal grievance regarding Mrs. Walton's unfair treatment and hostility with the Mobile County Board of Education through Dr. Eggleston.

15. Following a review and consultations in accordance with the grievance protocol, the Assistant Superinendent, Dr. Eggleston, agreed to have Mr. Pettaway transferred to B.C. Rain High School, to serve as Assistant Principal.
16. Mr. Pettaway later transitioned to his position as Assistant Principal at Denton Magnet School of Technology.
17. During his time at Denton Magnet School of Technology, Mr. Pettaway was served a subpoena to appear for a court proceeding related to the divorce of a teacher at the school, Mrs. Felicia Cunningham-Gilmore; as was the Principal, Mr. Alastair Stevenson.
18. Shortly thereafter, on Tuesday May 14, 2024, the husband of Mrs. Cunningham-Gilmore, Mr. Jerel Gilmore, arrived at the school in order to speak with Principal Stevenson.
19. Mr. Gilmore had a private meeting with Principal Stevenson, after which, Mr. Stevenson escorted Mr. Gilmore out of the building and back to his vehicle.
20. Following that meeting, Principal Stevenson inquired to Mr. Pettaway as to whether there had been any kind of impropriety that had occurred between Pettaway and Mrs. Cunningham-Gilmore.
21. Plaintiff appeared in court, as ordered in the subpoena, and gave testimony; none of which proved any physical relationship between Plaintiff and Mrs. Cunningham-Gilmore.
22. The day prior to court, Plaintiff, Mr. Pettaway, was placed on Administrative Leave from his position by a letter signed by Ms. Kimbra Drakeford, on behalf of the Mobile County Board of Education.
23. Following his placement on Administrative Leave, Mr. Pettaway secured an appointment with HR. At that meeting, Plaintiff informed the HR representative that no physical relationship existed between himself and Mrs. Cunningham-Gilmore, nor were any allegations made to such effect at the hearing in which he was called to testify.
24. At the conclusion of the meeting, Mr. Hack, the head of Human Resources for Defendant Mobile County Board of Education, recommended that Mr. Pettaway and/or Mrs. Cunningham-Gilmore be transferred to separate work environments, if for no other reason than the perception of others.
25. On June 24, 2024, Mr. Pettaway received an email stating that he would be reassigned to the Assistant Principal position at Palmer Pillans Middle School starting on July 11, 2024; Mrs. Cunningham-Gilmore was not transferred, and continues to teach at Denton.
26. Mr. Pettaway's position at Denton was subsequently filled by a much younger woman, with significantly less experience in the role as Pettaway.
27. Pettaway came to realize that his position as Assistant Principal at Palmer Pillans also resulted in a significant decrease in pay, dropping his pay by roughly $1,000 per month, by removing him from his position as Assistant Administrator for the Evening Educational Opportunity Program.
28. Furthermore, the email received by Pettaway on June 24, 2024 also indicated that in his new position, his new direct supervisor would be Mrs. D.H. Walton.

29. Plaintiff believes that this arrangement was made in order to retaliate against him for his protected speech of complaining against Mrs. Walton, and to replace him at Denton in a discriminatory manner, with a much younger Assistant Principal, who would not be as zealous in defending herself.
30. This shift in position also had the effect of allowing Mrs. D.H. Walton to resume managerial control over Pettaway, and allow her to continue her unfair treatment and harassment of Pettaway, in retribution for his complaint.
31. Since his time at Palmer Pillans, Plaintiff has been excluded from administrative meetings regarding his school, students, and Federal Programs for the school by Mrs. D.H. Walton, in retaliation for their past confrontations.

## COUNT I – AGE DISCRIMINATION

32. Plaintiff is a member of a protected class, to wit, over the age of 40.
33. Plaintiff performed the necessary functions of his position adequately, and was well qualified to serve in the role of Assistant Principal.
34. Plaintiff suffered an adverse employment action when he was transferred with a loss of pay from his position at Denton Magnet School of Technology to Palmer Pillans Middle School.
35. Plaintiff's adverse employment action was at least partially motivated by his age, in order to replace him with a younger employee.

WHEREFORE, premises considered, Plaintiff Joseph E. Pettaway, Jr. requests this Honorable Court enter a Judgement against the Defendant Mobile County Board of Education for lost wages and compensatory damages; Plaintiff prays for attorney fees, the cost of this action, and for any such other, further, or different relief to which she may be entitled.

## COUNT II – RETALIATION

36. Plaintiff engaged in protected activity when he submitted a grievance about Mrs. Walton, as well as when he accepted a subpoena and subsequently testified at a hearing as ordered therein.
37. Plaintiff was subjected to an adverse employment action when he was transferred with a loss of pay from his position at Denton Magnet School of Technology to Palmer Pillans Middle School.
38. Plaintiff was made to transfer with a loss of pay, at least in part, due to his protected conduct, and again be placed into a known hostile work environment, in retaliation for said conduct.
39. Plaintiff has suffered loss of pay, as well as mental and emotional harm as a direct result of this action.

WHEREFORE, premises considered, Plaintiff Joseph E. Pettaway, Jr. requests this Honorable Court enter a Judgement against the Defendant Mobile County Board of Education for lost wages and compensatory damages; Plaintiff prays for attorney fees, the cost of this action, and for any such other, further, or different relief to which she may be entitled.

### PLAINTIFF'S ATTESTATION

I, Joseph E. Pettaway, Jr., have fully read and attest that the facts espoused above are true and accurate to the best of my knowledge and good faith belief.

_____
JOSEPH E. PETTAWAY, JR.



KAYLIN RAYBORN
My Commission Expires
November 21, 2026

STATE OF ALABAMA

COUNTY OF MOBILE

Personally appeared before me, the undersigned, a Notary Public, in and for said State and County, JOSEPH E. PETTAWAY, who having been first duly sworn, deposes and says that she has read the statements contained in the foregoing pleading and that the same are true and correct to the best of her knowledge and belief.

SWORN AND SUBSCRIBED before me on this the 28th day of February, 2025.

_____
NOTARY PUBLIC

Dated this the 28th day of February, 2025.

                                                */s/Brooke Kelly*
                                                Brooke K. Kelly (POA001)
                                                ASB: (2572I72P)
                                                Attorney for the Defendant
                                                Post Office Box 66174
                                                Mobile, AL 36660-1174
                                                (251) 479-1477  Phone
                                                (251) 650-3843  Fax
                                                Brooke@equalizingjustice.com

**OF COUNSEL:**

CHRISTINE C. HERNANDEZ (HER051)
ASB: 8252I64H
THE HERNANDEZ FIRM, LLC
P.O. Box 66174
Mobile, Alabama 36606
(251) 479-1477
(251) 650-3843 (fax)
Christine@equalizingjustice.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this the 28th day of February, 2025, I have electronically filed the foregoing with the Clerk of the Court using the CM/CMF document filing system.

      Mobile County Board of Education
      1 Magnum Pass
      Mobile, AL 36618

                                                */s/Brooke Kelly*
                                                Brooke K. Kelly (POA001)